## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EARL JEANSONNE AND SHIRLEY JEANSONNE AND THE JEANSONNE APARTMENTS, LLC DBA THE 121 ATHANIA APARTMENTS | CIVIL ACTION NO: 2:23-cv-07198 |
| VERSUS | JUDGE: |
| VELOCITY RISK UNDERWRITERS, LLC AND INDEPENDENT SPECIALTY INSURANCE COMPANY AND CERTAIN UNDERWRITERS AT LLOYDS, LONDON AND OTHER INSURERS SUBSCRIBING TO BINDING AUTHORITY NO. B604510568622021 | MAGISTRATE: |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes the Plaintiffs, Earl Jeansonne and Shirley Jeansonne and The Jeansonne Apartments, LLC dba The 121 Athania Apartments, who files this Complaint against the Defendants, Velocity Risk Underwriters, LLC and Independent Specialty Insurance Company and Certain Underwriters at Lloyds, London and Other Insurers Subscribing to Binding Authority No. B604510568622021, on the grounds and for the reasons set forth below, to wit:

## PARTIES

1.

That Earl Jeansonne and Shirley Jeansonne ("Jeansonnes" or "Plaintiffs") are persons of the full age of majority and are domiciled in the City of Metairie, Parish of Jefferson, State of

Louisiana, and is a citizen of the State of Louisiana who resides within the Eastern District of Louisiana.

2.

That The Jeansonne Apartments, LLC dba The 121 Athania Apartments, ("The 121 Athania Apartments" or "Plaintiffs") is a limited liability with its principal place of business in the State of Louisiana, and whose only officers are Earl and Shirley Jeansonne. Therefore, it is deemed to be a citizen of the State of Louisiana.

3.

Velocity Risk Underwriters, LLC, ("Velocity" or "Defendants") is an insurance underwriting limited liability with its principal place of business in the State of Tennessee, and whose only officer, Velocity Holdco, LLC, is a citizen of Tennessee. Therefore, is deemed to be a citizen of the State of Tennessee. Its agent for service of process is Corporation Service Company, 450 Laurel Street, 8th Floor, Baton Rouge, Louisiana 70801.

4.

Independent Specialty Insurance Company, ("Independent" or "Defendants") is an insurance corporation organized and incorporated under the laws of the State of Delaware, with its principal place of business in the State of Delaware, and, therefore, is deemed to be a citizen of the State of Delaware. Its agent for service of process is the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, Louisiana 70809.

5.

Certain Underwriters at Lloyds, London and Other Insurers Subscribing to Binding Authority No. B604510568622021, ("Lloyd's" or "Defendants") refers to an unincorporated association of members that insure risks through the Lloyd's of London insurance market. These members often subscribe to risks through syndicates, which are administrative entities. *Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079 (11th Cir. 2010).*

The sole member subscribing to the Policy through the Lloyd's of London insurance market is RenaissanceRe Corporate Capital (UK) Limited ("RenRe Ltd."). RenRe Ltd. participated in the risk through the Lloyd's of London insurance market as the sole member of RenaissanceRe Syndicate 1458. In addition to RenRe Ltd., RenaissanceRe Specialty U.S. LTD ("RenRe U.S.") subscribed to the Policy through binding agreement B604510568622021. RenRe Ltd. and RenRe US are foreign corporate entities. Specifically:

A. RenRe Ltd. is a private limited company incorporated under the laws of England and Wales with principal place of business in England and Wales. RenRe Ltd. is a citizen of England and Wales.

B. RenRe U.S. is a private limited company incorporated under the laws of Bermuda, a territory of England and Wales, with its principal office in Bermuda.

Lloyd's is therefore deemed to be a foreign citizen of England, Wales, and Bermuda. Its agent for service of process is the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, Louisiana 70809.

## JURISDICTION AND VENUE

6.

This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship as between the parties, as set forth above, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7.

This court has personal jurisdiction over Defendants because they regularly conduct business in the State of Louisiana and have continuing substantial contact within this jurisdiction.

8.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims which are the subject of this lawsuit occurred within the federal jurisdiction district, and because Plaintiffs' property is the subject of this litigation and is situated within this federal judicial district.

## FACTUAL BACKGROUND

9.

During all relevant times herein, Plaintiffs, Earl and Shirley Jeansonne and the Jeansonne Apartments, LLC dba The 121 Athania Apartments, owned immovable property with improvements located at 121 Athania Parkway, Metairie, LA, 70001 (hereinafter referred to as the "the Apartments").

10.

That on December 11, 2021 a fire (hereinafter referred to as the "Fire"), severely damaged the Apartments and the contents contained therein, and Plaintiffs sustained a financial loss that is at least $150,000 which consists of damage to the structure.  At the time of this filing, Plaintiffs' financial loss and damages still exceed $75,000.00, exclusive of interest and costs.

11.

Plaintiffs further shows that during all relevant times herein, Plaintiffs contracted with Defendants to insure the property, its structures, its contents, among other coverages, against risks of wind and other hurricane related damage involved herein.  That insurance agreement bears Policy No. 2020-802292-02 in regards to Velocity, VVX-CU-802292-02 in regards to Independent, and VRR-CU-802292-02 in regards to Lloyd's, and is the best evidence of the contractual agreement.

12.

Plaintiffs promptly reported the loss to Defendants, who assigned Claim No. SDA21025010 (the "Claim") to the loss.  Plaintiffs immediately took steps to mitigate their damages to the best of their ability and provided Defendants with information regarding damage to the property; replacement of contents damaged as a result of the Fire*;* and additional loss of income incurred by Plaintiffs. Thereafter, sometime in December of 2021, Homeowner's Insurance Company conducted a field inspection of the property and either failed to pay or underpaid the amount of the loss within 30 days of receiving notice of the claim. The first inspection constituted satisfactory proof of loss as required per La. R.S. 22:1892 and 1973.

13.

As a result of Defendant's refusal to pay each of Plaintiffs' claims fairly and promptly, and to otherwise perform under the policy, including but not limited to its failures to timely pay all amounts owed to Plaintiffs under the policy, Plaintiffs has suffered and continues to suffer considerable damages, including, but not limited to, general damages, penalties, and attorneys' fees for which Defendants is now liable.

**<u>BREACH OF CONTRACT</u>**

14.

Plaintiffs repeats and realleges each and every allegation set forth above as if copied and restated herein *in extenso*.

15.

Plaintiffs' policy, delineated above, at all times relevant and material to the case, constituted a contract between Plaintiffs and Defendants.

16.

Plaintiffs fully performed at all times under the policy, including paying all premiums when due and satisfying all other policy requirements, and such policy was in full force and effect on the date of the losses.

17.

Despite having received satisfactory proof of the losses and covered damages to the property caused by the subject hurricane, Defendants underpaid the Plaintiffs' insurance claim by tendering approximately $98,000 sometime in 2021, and, in so doing, breached its contractual obligations to timely pay all amounts owed under the policy.

18.

In particular, Defendants breached and failed to perform under the policy by, among other ways: (a) not thoroughly investigating the Plaintiffs' claims; (b) providing and relying upon unrealistic and arbitrary estimates of the value of the covered damages; (c) arbitrarily dismissing obvious damage caused by the subject hurricane; (d) denying all or part of and/or underpaying each of Plaintiffs' claims despite obvious covered damages; (e) not tendering the reasonable and necessary proceeds due under the policy in a timely fashion to repair the covered damages to the property; (f) failing to timely and unconditionally tender the undisputed amounts owed under the Plaintiffs' policy for losses and damages covered; and/or (g) not acting reasonably under the circumstances.

19.

As a result of Defendant's continuing breaches of its contractual duties under the policy, Plaintiffs has suffered and continues to suffer both general and special damages for which Defendants is now liable, which include, but are not limited to, all amounts owed under the policy that remain unpaid, all costs associated with recovering, repairing and/or replacing the covered property, plus the increased repair and replacement costs due to market inflation, as well

as all mitigation costs, additional living expenses, and all other amounts owed under all applicable coverages, plus general damages for delay, mental anguish, emotional distress and inconvenience, plus statutory penalties on all amounts owed but not timely paid under La.R.S. 22:1892 and La.R.S. 22:1973, discussed *infra*, plus reasonable attorneys' fees and costs, together with interest and all other damages that Plaintiffs may prove as allowed by law.

<u>**STATUTORY VIOLATIONS AND PENALTIES UNDER**</u>
<u>**La.R.S. 22:1892 AND La.R.S. 22:1973**</u>

20.

Plaintiffs repeats and realleges each and every allegation set forth above as if copied and restated herein *in extenso*.

21.

La.R.S. 22:1892 expressly obligates a property insurer issuing policies in the State of Louisiana, such as Defendants herein, to "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss from the insured," La.R.S. 22:1892(A)(1), and further, to "make a written offer to settle any property damage claim . . . within thirty days after receipt of satisfactory proofs of loss of that claim." La.R.S. 22:1892(A)(4). The same statute further provides that an insurer's failure to do so shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent (50%) damages on the amount found to be due, "as well as reasonable attorney fees and costs." La.R.S. 22:1892(B)(1).

22.

Defendants failed to pay all of the amounts owed to the Plaintiffs under the policy within 30 days of receiving satisfactory proof of all covered losses in violation of La.R.S. 22:1892, and Plaintiffs remains entitled to all such amounts owed under the policy that remain unpaid.

23.

Specifically, Defendants breached its statutory obligations owed the Plaintiffs herein under La.R.S. 22:1892 by (a) failing to pay the Plaintiffs the full amount owned under the policy within thirty (30) days of receiving satisfactory proof of the covered losses, and further, in most cases herein, by (b) failing to make a written offer to settle the Plaintiffs' claims within thirty (30) days after receiving satisfactory proofs of the losses.

24.

Consequently, pursuant to La.R.S. 22:1892, Defendants is now liable unto Plaintiffs herein for all amounts owed under the policy that remain unpaid, plus an additional statutory penalty of 50% of each such amount, plus "reasonable attorney fees and costs." La.R.S. 22:1892(B)(1).

25.

Additionally, La.R.S. 22:1973 further imposes on property insurers issuing policies in Louisiana, such as Homeowner's Insurance Company, a general duty of "good faith and fair dealing," specifically including "an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured." La.R.S. 22:1973(A). This general duty further specifically includes, among other things, an obligation to not misrepresent pertinent

facts, and an obligation to pay the full amount of any claim due an insured within sixty (60) days after receipt of satisfactory proof of loss.  *See* La.R.S. 22:1973(B).  Any insurer who breaches these obligations is liable for damages sustained as a result of the breach, as well as a penalty of up to "two times the damages sustained or five thousand dollars, whichever is greater."  La.R.S. 22:1973(C).

26.

Defendants plainly breached its statutory duties of good faith and fair dealing set forth in La.R.S. 22:1973 by, among other ways: (a) failing to adjust each of Plaintiffs' claims fairly and promptly; (b) failing to make a reasonable effort to settle Plaintiffs' claims; (c) arbitrarily and capriciously, and without probable cause, failing to pay the full amount of the claim owed to the Plaintiffs under the policy within sixty (60) days of having received satisfactory proof of the losses; and (d) making misrepresentations of pertinent facts concerning the amounts owed and the extent of coverage under the policy.  *See* La.R.S. 22:1973(A)(B).

27.

As a consequence of Defendant's breaches of its statutory duties set forth under La.R.S. 22:1973, Defendants is now additionally liable unto the Plaintiffs for all of the general and special damages sustained by Plaintiffs as a result of said breaches, including, but not limited to, all amounts owed under the policy that remain unpaid, plus an additional statutory penalty of "two times the damages sustained or five thousand dollars, whichever is greater."  La.R.S. 22:1973(C).

28.

Defendants was, is, and continues to be in violation of both La.R.S. 22:1892 and La.R.S. 22:1973 and is thus liable unto Plaintiffs for general and special damages, statutory penalties, attorneys' fees, interest and costs, all as is specifically intended and allowed for under said statutes and applicable Louisiana law.

29.

Indeed, as a result of Defendant's continuing breaches of both its legal and contractual duties, Plaintiffs has suffered and continues to suffer both general and special damages for which Defendants is now liable which include, but is not limited to, all amounts owed under the policy that remain unpaid, all costs associated with recovering repairing and/or replacing the covered property, plus the increased repair and replacement costs due to market inflation, as well as all mitigation costs, additional living expenses, and all other amounts owed under all applicable coverages, plus general damages for delay, mental anguish, emotional distress and inconvenience, plus statutory penalties on all amounts owed but not timely paid under La.R.S. 22:1892 and La.R.S. 22:1973, including reasonable attorneys' fees and costs, together with interest and all other damages that Plaintiffs may prove as allowed by law.

## **PRAYER**

WHEREFORE, on the basis of the above and foregoing, Plaintiffs, Earl and Shirley Jeansonne and the Jeansonne Apartments, LLC dba The 121 Athania Apartments, brings this action and asks for judgment as follows:

(a)     That a summons be issued to the named Defendants herein, Velocity Risk Underwriters, LLC and Independent Specialty Insurance Company and Certain Underwriters at Lloyds, London and Other Insurers Subscribing to Binding Authority No. B604510568622021; that said Defendants be served with the summons and a copy of this Complaint and be duty cited to appear herein and answer the same;

(b)     That after all due proceedings are had, judgment be entered herein in favor of Plaintiffs, Earl and Shirley Jeansonne and the Jeansonne Apartments, LLC dba The 121 Athania Apartments, and against Defendants, Velocity Risk Underwriters, LLC and Independent Specialty Insurance Company and Certain Underwriters at Lloyds, London and Other Insurers Subscribing to Binding Authority No. B604510568622021, finding Defendants in breach of the subject insurance policy and in violation of applicable law, awarding to the Plaintiffs all damages that are reasonable in the premises, including, but not limited to, special and general damages, all benefits and amounts due under the subject insurance policy, plus all statutory penalties, attorneys' fees, interest and costs owed under La.R.S.22:1892 and La.R.S. 22:1973, together with legal interest thereon from the date of judicial demand until fully paid, all as afforded under applicable law; and

(c)     For all orders, decrees, and other general and equitable relief to which Plaintiffs may be entitled and/or which this Court may deem appropriate in the premises.

RESPECTFULLY SUBMITTED:

MORRIS BART, LLC
601 POYDRAS STREET, 24TH FLOOR
NEW ORLEANS, LA 70130
TELEPHONE: (504) 525-8000
FACSIMILE: (800) 878-8937

BY: */ S/ NATHANIEL HANET*
NATHANIEL HANET, NO. LA38645
NHANET@MORRISBART.COM
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that I on this day, December 6, 2023, have served a copy of the foregoing on all counsel of record to this proceeding, by placing same in the U.S. Mail, properly addressed and postage prepaid and/or sending via facsimile, electronic mail, or hand delivery.

*/ S/ NATHNIEL HANET*
NATHANIEL HANET, NO. 38645